IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00514 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES JERMAINE FLEMING, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 178)**

Defendant is currently incarcerated at the Federal Correctional Institution Schuylkill in Pennsylvania with a projected release date of August 21, 2026.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 178) is **DENIED.**

**STANDARD OF REVIEW**

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.  Dillon v.

1

<u>United States</u>, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018.  PL 115-391, December 21, 2018, 132 Stat. 5194.  The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)   extraordinary and compelling reasons warrant such a reduction;
>
> ...
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT

### A.   Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP").  18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Parties agree that the Defendant has complied with the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the Court may consider the motion for compassionate release.

### B.   Merits Of Defendant's Request For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons" consistent with applicable policy statements of the Sentencing Commission.

The Sentencing Commission's policy statement is provided in United States Sentencing Guidelines § 1B1.13:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>    (1)(A)   Extraordinary and compelling reasons

>               warrant the reduction; or
>
> (B)     The defendant (i) is at least 70 years
>         old; and (ii) has served at least 30
>         years in prison pursuant to a sentence
>         imposed under 18 U.S.C. § 3559(c) for
>         the offense or offenses for which the
>         defendant is imprisoned;
>
> (2)     The defendant is not a danger to the
>         safety of any other person or to the
>         community, as provided in 18 U.S.C. §
>         3142(g); and
>
> (3)     The reduction is consistent with this
>         policy statement.

U.S.S.G. § 1B1.13.

If Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c), Defendant is only entitled to relief if he demonstrates:

> (1) extraordinary and compelling reasons warrant a sentence reduction;
>
> (2) he is not a danger to the safety of others or the community; and,
>
> (3) any requested reduction is consistent with the policy statement.

United States v. Gill, 2020 WL 2084810, *2 (E.D. Cal. Apr. 30, 2020).

**C.   Extraordinary And Compelling Reasons**

The Sentencing Commission's Commentary Application Notes for Guideline § 1B1.13 provides the definition of "extraordinary and compelling reasons." The Court agrees with the majority of the district courts in the Ninth Circuit that have concluded that

4

Section 1B1.13 and its definition of "extraordinary and compelling reasons" applies to motions for compassionate release even though the sentencing guideline was not separately amended following the passage of the First Step Act.  See Riley v. United States, 2020 WL 1819838, *8 (W.D. Wash. Apr. 10, 2020) (collecting cases); United States v. Shields, 2019 WL 2359231, *4 (N.D. Cal. June 4, 2019).

Sentencing Guideline Section 1B1.13's Commentary Application Notes explain that extraordinary and compelling reasons exist when:

- (A) **Medical Condition of the Defendant.**–

    - (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    - (ii) The defendant is—

        - (I) suffering from a serious physical or medical condition,

        - (II) suffering from a serious functional or cognitive impairment, or

        - (III) experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

- (B) **Age of the Defendant.**–The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration

>   in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) **Family Circumstances.**–
>   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Court has the discretion to determine whether other extraordinary and compelling reasons exist, as stated in paragraph (D), when ruling on motions for compassionate release. <u>United States v. Brooker</u>, 976 F.3d 228, 237-38 (2d Cir. 2020); <u>United States v. Hernandez</u>, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020).

## PROCEDURAL HISTORY

On September 7, 2017, the grand jury returned an Indictment charging Defendant Fleming and two co-defendants with conspiracy to distribute methamphetamine over a period of more than 32 months.  (ECF No. 1).  Specifically, the Defendant was charged, as follows:

From a date unknown, but by in or around February 2012,

>and up through and including on or about October 31, 2014, within the District of Hawaii and elsewhere, Defendant Fleming and at least six others, did knowingly and intentionally conspire with each other and others to Distribute and Possess with Intent to Distribute Five Hundred (500) Grams or More of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

(Id.)

On February 13, 2018, Defendant Fleming was arrested in the State of Washington pursuant to a warrant from the District of Hawaii.  (Presentence Report ¶ 15, ECF No. 50).

On March 19, 2018, the Magistrate Judge granted the Government's motion to detain Defendant Fleming without bail.  (ECF No. 23).

On July 16, 2018, Defendant Fleming pled guilty to Count I in the Indictment.  (ECF No. 37).

At Defendant's sentencing on November 19, 2018, Defendant was in Criminal History Category II with a Total Offense Level of 31 for a recommended guideline range of 121 to 151 months imprisonment.  (Presentence Report at p. 23, ECF No. 50).  Defendant was subject to a statutory mandatory minimum sentence of 120 months imprisonment.  (Id. at ¶ 69).  Defendant Fleming was sentenced to the mandatory minimum of 120 months imprisonment followed by a term of supervised release of 5 years.  (ECF No. 54).

On August 24, 2020, Defendant Fleming, proceeding pro se, filed a Motion to Reduce Sentence Under the First Step Act pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 175).

On August 27, 2020, Defendant Fleming was appointed counsel to assist him in his Motion.  (ECF No. 176).

On August 28, 2020, the Court set a briefing schedule.  (ECF No. 177).

On September 16, 2020, Defendant Fleming's counsel filed his SUPPLEMENTAL MOTION TO MODIFY SENTENCE.  (ECF No. 178).

On September 30, 2020, the Government filed its Opposition.  (ECF No. 181).

On October 7, 2020, Defendant filed his Reply.  (ECF No. 182).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## **ANALYSIS**

Defendant Fleming is 46 years old.  He is currently incarcerated at the Federal Correctional Institution Schuylkill in Pennsylvania.  Defendant Fleming bears the burden of demonstrating that extraordinary and compelling reasons exist that warrant immediate release from incarceration.  United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020).

A defendant's general concerns about potential exposure to COVID-19 while incarcerated do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence.  United States v. Eberhart, 448 F.Supp.3d 1086, 1089-90 (N.D. Cal. Mar. 25, 2020); United States v. Carver,   F.Supp.3d   , 2020

8

WL 1892340, *3 (E.D. Wash. Apr. 8, 2020).

The Centers for Disease Control ("CDC") has identified certain categories of individuals that are at a higher risk for severe illness due to COVID-19.  The list includes people with conditions such as: chronic lung disease, moderate or serious asthma, serious heart conditions, obesity, chronic kidney disease requiring dialysis, liver disease, diabetes, or individuals who are immunocompromised.  See United States v. Jones, Crim. No. 13-00860 LEK-03, 2020 WL 2331678, *5 (D. Haw. May 11, 2020).

**I.    Medical Condition**

    **A.    Current Centers For Disease Control Standards And Defendant's Medical Concerns**

Defendant Fleming states that he suffers from hypertension, Type 2 diabetes mellitus, and severe obesity.  The Defendant also states he has hyperlipidemia and sleep apnea.

The CDC identifies severe obesity as a medical condition that places an individual, regardless of age, at increased risk.  The CDC defines individuals as severely obese if he has a body mass index ("BMI") of 40 or above. (CDC Coronavirus Disease 2019 (COVID-19) Website, at "People with Medical Conditions," available at https://www.cdc.gov/coronavirus/2019-ncov/need-extraprecautions/index.html, last visited 11/30/2020).

The CDC has identified Type 2 diabetes mellitus as a medical condition that places an individual, regardless of age, at

9

increased risk.  (Id.)

The CDC has also identified hypertension as a medical condition that might place an individual at an increased risk should they contract COVID-19.  (Id.)

### B.   Medical Conclusion

Defendant is 46 years old.  The CDC recognizes that the risk of developing severe illness from COVID-19 increases with age.  Those 65 years of age or older are at increased risk and those 85 years and older at the greatest risk.  (https://www.cdc.gov/coronavirus2019-ncov/need-extra-precautions/older-adults.html, last visited 11/30/20).  Defendant Fleming's age does not place him in a category that would constitute an extraordinary and compelling reason for compassionate release.

Defendant Fleming bears the burden of demonstrating that extraordinary and compelling reasons exist that warrant immediate release from incarceration.  Defendant Fleming's medical record is sparse.  Defendant Fleming, proceeding pro se, submitted three pages of his medical records from the Bureau of Prisons ("BOP").  Defendant Fleming's counsel did not submit supplemental medical records.

Defendant Fleming's medical records state he is "obese" as of February 6, 2020, but the medical records do not indicate his current weight.  (Ex. B to Def.'s Pro Se Motion, ECF No. 175-2).

Defendant Fleming's Presentence Report reflects that as of

October 30, 2018, at the time of sentencing, Defendant Fleming's recorded weight was 263 pounds and his recorded height was 5'7". (Presentence Report ¶ 55, ECF No. 50).  Pursuant to the U.S. Department of Health and Human Services' BMI Calculator, Defendant Fleming's BMI was 41.2 as of October 30, 2018.  The Court finds that severe obesity alone is insufficient to support a finding of "extraordinary and compelling reasons" for immediate release.

A review of Defendant's BOP medical records demonstrates that he is 46 years old and he is receiving treatment for his hypertension, Type 2 diabetes mellitus, hyperlipidemia, and sleep apnea conditions.  Defendant Fleming is prescribed Lisinopril for his hypertension.  (Ex. C to Def.'s Pro Se Motion, ECF No. 175-3). He is prescribed Metformin for his diabetes.  (Id.)

On February 6, 2020, Defendant was examined by a physician regarding his various conditions and advised to continue to take his current prescription medications and to follow-up with BOP physicians as needed.  (Ex. B to Def.'s Pro Se Motion, ECF No. 175-2).  Defendant was provided with counseling and a plan of care for his conditions.  (Id. at p. 2).  The medical records show that the BOP continues to monitor all of Defendant Fleming's medical conditions and continue to prescribe him prescriptions as needed.  (Id.)  The records reflect that Defendant Fleming "appears well, alert and oriented" and that he has no pulmonary issues and that he has a regular and normal cardiovascular results.  (Id. at p. 1).

11

The Defendant's limited BOP medical records demonstrate that he has received and continues to receive appropriate medical care by the BOP.  Conditions that can be managed in prison are not a basis for compassionate release.  United States v. Kazanowski, Crim. No. 15-00459 DKW-05, 2020 WL 3578310, *9 (D. Haw. July 1, 2020) (citing U.S.S.G. § 1B1.13 cmt. N.1(A)).

## II. Section 3553(a) Factors And Defendant's History and Characteristics

### A. History and Characteristics

In order to be eligible for compassionate release, Defendant Fleming must establish that release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that he is not a danger to the safety of others or the community.  18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.

Defendant Fleming has a long history of involvement in the criminal justice system dating back to 1992.  At age 18, Defendant was convicted of Simple Assault, Attempted Theft, and Intimidation of Witnesses or Victims.  (Presentence Report at ¶¶ 40-42, ECF No. 50).  Defendant received a second conviction for Simple Assault as well as for Disorderly Conduct.  (Id. at ¶ 43).

At age 26, Defendant was convicted of Manufacture or Deliver or Possess With Intent To Manufacture Or Deliver A Controlled

Substance for which he received a sentence of 11 months and 15 days to 23 months confinement, followed by 2 years probation. (Id. at ¶ 44). Defendant also has numerous other arrests involving assault and theft. (Id. at ¶¶ 47a-49).

A review of Defendant's Presentence Report reflects that at his current age of 46, Defendant has no history of formal employment. (Id. at ¶ 66). Defendant's only reported employment was during elementary school in 1991. (Id.) There is no explanation for Defendant's lack of work history.

Defendant Fleming is currently serving a term of imprisonment for his role in a large conspiracy to distribute pounds of Methamphetamine in Hawaii.

Defendant Fleming acted as a courier for a drug trafficking ring involving more than six others. (Presentence Report at ¶ 13, ECF No. 50). He admitted to having completed at least 18 round-trip flights between California and Hawaii from February 25, 2012 to July 20, 2014. (Id. at ¶ 18). On each trip, he transported at least one pound (or 453.6 grams) of methamphetamine. (Id. at ¶ 17). Defendant Fleming was held responsible for a total of 8.1 kilograms or approximately 18 pounds of methamphetamine. (Id.) Defendant Fleming also admitted that he transported cash from the drug transactions between Hawaii and California. (Id.)

Defendant represents in his Supplemental Motion that aside from his current conviction, "he has not been involved with the criminal justice system for at least fifteen (15) years." (Supp.

13

Motion at pp. 14-15, ECF No. 178-1).  This representation is incorrect.  A review of Defendant's Presentence Report reflects that Defendant was sentenced to a minimum of 11 months and 15 days imprisonment for his role in another conspiracy to distribute illegal drugs on February 20, 2002.  (Presentence Report at ¶ 44, ECF No. 50).  The Presentence Report does not state when Defendant was released, but at a minimum, Defendant as subject to 2 years of probation following his release, which would have ended in January 2005 at the earliest.  The current conspiracy for which Defendant is serving his sentence began, at the latest, in or around February 2012.  (Indictment at p. 2, ECF No. 1).  As a result, Defendant was outside of the criminal justice system for a maximum of seven years, not the fifteen years represented by counsel.

At the time of Defendant Fleming's sentencing in November 2018, Defendant was in a Criminal History Category II.  Defendant Fleming was subject to a sentence guideline range of 121 to 151 months and a statutory mandatory minimum of 120 months imprisonment.  (Presentence Report at ¶¶ 69-70, ECF No. 50).

The Court sentenced Defendant Fleming to the mandatory minimum of 120 months imprisonment.

### B.   Portion Of Sentence Served

A review of the caselaw demonstrates that the portion of the sentence already served by the defendant is a necessary factor for the Court to consider in evaluating compassionate release.

14

United States v. Connell,    F.Supp.3d.    , 2020 WL 2315858, at *6 (N.D. Cal. May 8, 2020).  The amount of time served of the originally imposed sentence must be considered pursuant to Section 3553(a) to ensure that the amount of time adequately reflects the seriousness of the offense, deters criminal conduct, and protects the public.  United States v. Barber, 466 F.Supp.3d 1127, 1133 n.9 (D. Ore. 2020).

Defendant Fleming received a 120-month sentence.  His projected release date is August 21, 2026.  At the time Defendant Fleming filed his Motion for Compassionate Release, the Defendant served 25% of his sentence.

### C. Appropriateness of Immediate Release

The nature and circumstances of Defendant Fleming's offense weigh against immediate release.  Defendant Fleming was part of a large inter-state drug trafficking ring.  He took 18 trips between Hawaii and California where he transported methamphetamine to Hawaii and cash drug proceeds to California.  On each trip, Defendant Fleming transported at least one pound of methamphetamine.  Defendant Fleming was held responsible for drug trafficking approximately 18 pounds of methamphetamine.

Defendant Fleming has a history of violence and of trafficking drugs.  He was convicted of assault twice.  (Presentence Report ¶¶ 40, 43, ECF No. 50).  In one of his convictions for assault, Defendant Fleming struck a police officer with a wrought-iron fence during a drug sale.  (Id. at ¶

15

43).  Defendant Fleming was also convicted of intimidating and retaliating against witnesses or victims.  (Id. at ¶ 42).  Defendant Fleming was also previously convicted of trafficking 6.6 pounds of marijuana.  (Id. at ¶ 44).

Defendant Fleming's history and characteristics do not favor a reduced sentence.  His immediate release would not adequately reflect the seriousness of his offense, and it would not protect the public.  Defendant Fleming's immediate release is not appropriate given the totality of circumstances under Section 3553(a) Factors.

### III. Summary Of Medical Conclusion And Section 3553(a) Factors

Defendant Fleming has not established a basis for compassionate release based on his medical issues.  The record does not demonstrate that he is suffering from a terminal health condition or a condition that substantially interferes with his ability to provide self-care while incarcerated.  The Defendant has been able to manage his medical conditions while incarcerated.  The record demonstrates that the Defendant has received and continues to receive appropriate medical care while incarcerated.

Defendant Fleming was convicted of a serious crime and has served only 25% of his sentence with a projected release date of August 21, 2026.  He has not established that his immediate release is warranted pursuant to the Section 3553(a) factors.

**CONCLUSION**

Defendant's Motion To Reduce Sentence Under The First Step Act (ECF No. 178) is **DENIED**.

IT IS SO ORDERED.

Dated: November 30, 2020, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. James Jermaine Fleming, Crim. No. 17-00514 HG-01; **ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (ECF No. 178)**

17